SUPERIOR COURT
OF THE
STATE OF DELAWARE

**RICHARD F. STOKES**
*JUDGE*

**SUSSEX COUNTY COURTHOUSE**
**1 THE CIRCLE, SUITE 2**
**GEORGETOWN, DE 19947**
**TELEPHONE (302) 856-5264**

May 25, 2017

Robert W. Hassett
SBI # 337363
James T. Vaugh Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

     RE: *State of Delaware v. Robert W. Hassett*,
       Case ID# 0005011315

DATE SUBMITTED: March 31, 2017

Dear Mr. Hassett:

Defendant Robert W. Hassett ("Defendant") has filed his fourth Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61").[1] For the reasons expressed below the motion is **DENIED**.

On June 21, 2001, after a jury trial, Defendant was found guilty of one count of First Degree Murder and one count of Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"). On August 10, 2001, Defendant was sentenced as follows: for First Degree Murder, to serve the balance of his natural life at Level Five; and for PDWDCF, to serve 20 years at Level Five. Defendant filed an appeal to the Delaware Supreme Court on September 7, 2001. The

---

[1] The applicable version of Rule 61 is that effective on June 4, 2014, as amended by an order of this Court dated March 23, 2017.

1

Supreme Court Affirmed Defendant's conviction on May 15, 2002. On June 5, 2002, the Supreme Court mandate was filed, finalizing Defendant's conviction.[2]

On May 14, 2003, Defendant filed his first Postconviction Motion. On August 25, 2003, the Superior Court denied Defendant's Motion.[3] Upon appeal to the Supreme Court, the decision was remanded back to the Superior Court to consider Defendant's argument regarding ineffective assistance of counsel.[4] After reconsideration, Defendant's first Rule 61 Motion was again denied.[5] On March 25, 2010, Defendant filed his second Postconviction Motion. On April 20, 2010 that Motion was denied.[6] On February 24, 2016, Defendant filed his third Postconviction Motion. On March 22, 2016, that Motion was also denied.[7] Additionally, Defendant filed an Application for Writ of Habeas Corpus in Federal Court. On September 18, 2006, the Application was denied and no certificate of appeal was issued.[8]

On March 31, 2017, Defendant filed his fourth Motion for Postconviction Relief. He makes two claims: (1) that he was denied his Sixth Amendment right to a jury trial, verdict, and sentencing; and (2) that his sentence was imposed in violation of the Due Process Clause of the Fourteenth Amendment, which has in turn violated the Eighth Amendment prohibition against cruel and unusual punishment. Defendant raises these claims in light of the recent Delaware Supreme Court cases *Rauf v. State* and *Powell v. State*. *Rauf* determined that Delaware's capital sentencing statute, 11 *Del. C.* § 4209, unconstitutionally violated the Sixth Amendment because it allowed judges, rather than the jury, to make determinations regarding whether a defendant could be

---

[2]Docket Entry No. 90; *Hassett v. State*, 2002 WL 1009861 (Del. May 15, 2002).
[3] *State v. Hassett*, 2003 WL 12999594 (Del. Super. Ct. Aug. 25, 2003).
[4] *Hassett v. State*, Del. Supr., No. 468, 2003, Holland, J. (May 20, 2004).
[5] *State v. Hassett*, 2004 WL 2419139 (Del. Super. Ct. Oct. 14, 2004), *aff'd*, 2005 WL 1653632 (Del. June 24, 2005).
[6] *State v. Hassett*, 2010 WL 1544413 (Del. Super. Ct. April 20, 2010), *aff'd*, 2010 WL 3672973 (Del. Sept. 21, 2010).
[7] *State v. Hassett*, 2016 WL 1613231 (Del. Super. Ct. March 22, 2016), *aff'd*, 2016 WL 4742238 (Del. Sept. 9, 2016).
[8] *Hassett v. Kearney*, 2006 WL 2682823 (D. Del. Sept. 18, 2006).

sentenced to death.[9] *Powell* gave *Rauf* retroactive application.[10] As required by law,[11] Defendant was sentenced to life in prison under the Delaware capital sentencing statute.

The first step in evaluating a motion under Rule 61 is to determine whether any of the procedural bars listed in Rule 61(i) will force the motion to be procedurally barred.[12] Both Rule 61(i)(1) and (2) require this motion to be summarily dismissed. First, a motion for postconviction relief cannot be filed more than one year after the judgment is final.[13] Given that Defendant's conviction was final on June 5, 2002, his motion is time-barred. This most recent Rule 61 Motion

---

[9] *Rauf v. State*, 145 A.3d 430 (Del. 2016).
[10] *Powell v. State*, 153 A.3d 69 (Del. 2016).
[11] Under 11 *Del. C.* § 4205, all First Degree Murder convictions must be sentenced under the Delaware capital sentencing statute, 11 *Del C.* § 4209.
[12] Super. Ct. Crim. R. 61(i) provides:

> (i) Bars to Relief. (1) *Time limitation.* A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.
>
> (2) *Successive motions.* (i) No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule. (ii) Under paragraph (2) of subdivision (b) of this Rule, any first motion for relief under this rule and that first motion's amendments shall be deemed to have set forth all grounds for relief available to the movant. That a court of any other sovereign has stayed proceedings in that court for purpose of allowing a movant the opportunity to file a second or subsequent motion under this rule shall not provide a basis to avoid summary dismissal under this rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.
>
> (3) *Procedural default.* Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.
>
> (4) *Former adjudication.* Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.
>
> (5) *Bars inapplicable.* The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

[13] *See* Rule 61(i)(1)

was filed nearly 15 years after Defendant's conviction became final. Additionally, any successive motion for postconviction relief is barred by Rule 61(i)(2) unless the Defendant has:

(i)     [pled]...with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which [he] was convicted; or

(ii)    [pled]...with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[14]

Thus, in order to overcome the Rule 61(i)(2) bar, Defendant would have to show that a new rule of constitutional law applied retroactively to his case and rendered his sentence of life imprisonment invalid. Defendant is unable to meet this standard. The *Rauf* decision did lay out a new rule of constitutional law, but it only applies to cases where the defendant has been sentenced to death. Here, Defendant was sentenced to life in prison; therefore, *Rauf* does not have any effect on his sentence. Given the limitation of the *Rauf* holding to death penalty cases, there is no basis by which to grant Defendant's Rule 61 Motion.

Considering the foregoing, Defendant's Motion for Postconviction relief is **DENIED**. As Defendant's Motion for Postconviction relief is denied, Defendants Motion for Appointment of Counsel, Motion to Proceed in Forma Pauperis, and Motion for Recusal are also **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office
    David Hume, Esq.

---

[14] *See* Rule 61(i)(2); 61(d)(2)(i), (ii).

4